## DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES v FRANCE TO YOU FOOD SERVICE CORPORATION

Case No. 86-4500M

State of Florida, Division of Administrative Hearings

December 17, 1987

### APPEARANCES OF COUNSEL

**Morton Laitner** for petitioner.

**Michael A. Vandetty** for respondent.

### OPINION OF THE COURT

WILLIAM R. DORSEY, JR., Hearing Officer.

*RECOMMENDED ORDER*

This matter was heard by William R. Dorsey, Jr., the Hearing Officer designated by the Division of Administrative Hearings, on July 14, 1987, in Miami, Florida. A transcript of the proceedings was filed on October 22, 1987. Proposed Findings of Fact and Conclusions of Law were filed by November 25, 1987. Rulings on proposed findings of fact are made in the Appendix of this Recommended Order.

## ISSUES

The administrative complaint, as limited by the abandonment of certain charges at the final hearing, raises four issues about the operation of the respondent's business. These include whether at the time of inspections on August 11 and September 3, 1986, the respondent was a food service establishment which had on its premises food which was not from an approved source; whether it failed to provide dishwashing facilities; whether it failed to provide hot and cold running water under pressure; and whether it failed to provide adequate toilet facilities.

## FINDINGS OF FACT

1. France To You Coconut Grove, Inc., operates at 3199 Commodore Plaza, Miami, Florida, in the area known as Coconut Grove. At that location the corporation sells magazines, newspapers, post cards, greeting cards, cigarettes and, at one end of the store, has freezers containing food for sale.

2. The entire facility is comprised of about 900 square feet, and has a single restroom. There is no space for a second restroom. The existing restroom is generally not made available to the public because to reach it, it is necessary to go through a storeroom containing the facility's merchandise. Non-employees therefore are not permitted to use the restroom.

3. Prior to August, 1986, patrons could purchase food in sealed microwaveable packages from the freezer. It would then be heated and made available to the customer on paper plates with plastic, single-use utensils to be consumed outside the premises on a deck containing tables and chairs which France To You had made available.

4. As the result of an article which appeared in the Miami Herald in early August, 1986, which indicated that gourmet food was sold at France To You, the health department sent an inspector, Mr. Hoffman, to the establishment. Hoffman saw people eating on the deck outside France To You. He met with the manager of the facility, Mr. Taylor. Mr. Taylor became distressed when the health department asserted that France To You fell under its jurisdiction. Mr. Hoffman asked Mr. Taylor to come to the health department offices for a planned review. Mr. Taylor did so and after initially meeting with a planned review officer, Mr. Taylor demanded to see someone more senior. During the meeting Mr. Taylor explained he planned to heat for patrons food purchased at France To You, which would be consumed on the deck outside. It was arranged that the administrator of the Dade County Health Department, Mr. Livingstone, would come to the Taylor

establishment, which is something the administrator ordinarily leaves to regular inspectors.

5. On August 11, 1986, Mr. Livingstone came to France To You with Mr. Ros, the Assistant Director, and Mr. Diaz of the State Department of Business Regulation, Division of Hotels and Restaurants.

6. At that meeting Mr. Livingstone found that the freezers contained prepackaged food, which people were eating on the deck outside the establishment. There was also a Mr. Coffee machine on the premises, but it was used only for employees, not to sell coffee to customers. When Mr. Livingstone attempted to explain the requirement of the sanitation code to Mr. Taylor, Mr. Taylor became abusive and the conversation ended.

7. There were no dishwashing facilities or three-compartment sink at France To You on August 11, 1986, and no hot water in the restroom or hot and cold water under pressure in the food preparation area, *i.e.* the area where the food was heated and transferred to paper plates for consumption.

8. The prepackaged containers of food came from another France To You store on Mills Drive near the Town and Country Mall in south Dade County. That store has a market license which permits it to sell food, but it does not hold a processing license; the Mills Drive facility has not been approved by the Dade County Health Department to process food that would be packaged for sale at another location.

9. It would have been possible for the food portions sold in Coconut Grove to have been prepared by a food processing plant inspected and approved by the Department of Agriculture or the Food and Drug Administration. There was no evidence presented that the food processing plant which was the source of the food portions at France To You was unapproved by the Department of Agriculture or the Food and Drug Administration.

10. The premises were then reinspected by Mr. Hoffman of the Dade County Department of Public Health, and the supervisor for the area, Mr. Petty, on September 3, 1986.

11. That inspection revealed that food was still being prepared and served on the deck outside where people consumed it. There were no dishwashing facilities or three compartment sink to wash and sanitize any food service equipment. Hot and cold running water under pressure was not available where the food was prepared, which is required to minimize the possibility of hand-to-mouth contamination of

246

food. There was not a second restroom available for patrons. While the inspection report and the testimony of Mr. Hoffman would indicate there were some other violations found that day, such as smoking in the food preparation area and the absence of a thermometer in the freezer cases, those matters are not charged in the administrative complaint and therefore not relevant in this proceeding.

12. A reinspection, following up on that done by Mr. Hoffman and Mr. Petty, on September 3, 1986, was performed by Mr. Louis Ron of the Dade County Health Department on September 9, 1986. Mr. Ron was accompanied again by Mr. Petty. At the time of the reinspection the violations which had been filed by Mr. Hoffman had not been corrected, *i.e.* there was still no three-compartment sink, there was only one restroom, and there was no hot water in the handwashing sink in the food preparation area.

13. Mr. Ron inspected the premises again on January 16, 1987. At that time Mr. Ron observed microwave ovens which were dirty and had not been cleaned, that there was no facility for sanitizing utensils being used by the establishment, in that there was no dipper well for the ice cream service operation which then had been installed on the deck, but there was a handwashing sink for that ice cream service. While a three-compartment sink had been installed, there was no running water yet connected to it.

14. Finally, another inspection of the premises took place by Mr. Hoffman on April 2, 1987. At that time, the food service operation had expanded to include grills and stoves installed on the deck for the preparation of food items such as hamburgers, hotdogs, chili, eggs and bacon, as well as ice cream being served at the deck. Photographs of these food service activities taken by Mr. Hoffman were admitted into evidence.

15. There may be other food service establishments in the general Coconut Grove area which do not provide two public restrooms, such as the Subway Sandwich Shop.

## CONCLUSIONS OF LAW

The Division of Administrative Hearings has jurisdiction over this matter. Section 120.57(1), *Florida Statutes* (1985).

The Department of Health and Rehabilitative Services has the statutory authority to prescribe rules relating to the production, handling, processing and sale of food and drinks and relating to restaurants and all other places serving food and drink to the public. Section 381.031(1)(g)3., *Florida Statutes* (1985). The Department has the

statutory authority to impose fines for violations of its rules. Under Section 381.112

(1) [T]he Department of Health and Rehabilitative Services may impose a fine, which shall not exceed $500 for each violation . . . for violation of any rule contained in the Sanitary Code of Florida. . . . Each day that a violation continues may constitute a separate violation.

(2) In determining the amount of fine to be imposed, if any, for a violation, the following factors shall be considered:

(a) The gravity of the violation, including the probability that death or serious physical or emotional harm to any person will result or has resulted, the severity of the actual or potential harm, and the extent to which the provisions of the applicable statutes or rules are violated.

(b) Actions taken by the owner or operator to correct violations.

(c) Any previous violations.

One of the first matters to be decided is whether or not France To You was a food service establishment. That term is defined by Rule 10D-13.022(7) to include

Any place where food is prepared and intended for individual portion service, and includes the site at which individual portions are provided. The term includes any such place regardless of whether consumption is on or off the premises and regardless of whether there is a charge for the food. The term also includes delicatessen-type operations that prepare sandwiches, salads, and other food intended for individual service. The term does not include private homes where food is prepared or served for individual family consumption.

Microwaving food from the freezers for patrons to consume on the deck outside the establishment made France To You a food service establishment within the reach of the rule. In early August of 1986, France To You was in violation of this rule according to the testimony of its manager, Mr. Taylor. After the meeting which Mr. Livingstone and others had with Mr. Taylor on August 11, Mr. Taylor was on actual notice that to continue the practice of microwaving individual portions of good from his freezer would bring the establishment in the reach of the Department of Health and Rehabilitative Services' rules on food service establishments. By September 3, 1986, when the establishment was inspected by Mr. Hoffman and Mr. Petty, people still were eating on the deck immediately outside the establishment.

248

This is sufficient evidence to support the inference the Hearing Officer makes that the food from the freezer was being microwaved and served to patrons who consumed it in the chairs on the deck outside. By Mr. Taylor's admission, there were no manual or mechanical dishwashing facilities. There is inadequate evidence, however, that Rule 10D-13.026(m), *Florida Administrative Code*, was violated because that rule requires that manual or mechanical dishwashing facilities that are to be available for "multi-use eating and drinking utensils" but there is no evidence that any multi-use utensils were involved here. Similarly, there is no proof that there has been a violation of Rule 10D-13.026(5), *Florida Administrative Code*, which prescribes the use of effective concentrations of detergent to be used in manual and mechanical dishwashing of all multi-use utensils. No multi-use utensils are involved, and there is no proof that equipment, such as microwave ovens, was not properly washed or sanitized. Neither was there sufficient evidence to establish that the prepackaged food was from an unapproved source. Rule 10D-13.023(1), *Florida Administrative Code*.

On the other hand, Rule 10D-13.027(1), *Florida Administrative Code*, on water supply states

The water supply must be adequate, of safe sanitary quality and from an approved source in accordance with the provisions of Chapter 17-22 of the Florida Administrative Code. Hot and cold running water under pressure shall be provided in all areas where food is prepared and where equipment and multi-use utensils are washed. Both hot and cold running water under pressure shall also be provided to all employee handwashing sinks in new or extensively remodeled establishments.

France To You was a new establishment in 1986, and was required to have hot and cold running water under pressure in the area where food is prepared, *i.e.* in the areas where the microwave product would have been heated and placed on paper plates and handed to customers. The failure to have hot and cold running water in those areas was a violation of the Administrative Code and of Section 318.112(1), *Florida Statutes*.

Similarly, the failure to have two toilets is a violation of Rule 10D-13.027(5), *Florida Administrative Code*, which reads

Each food service establishment shall be provided with adequate and conveniently located toilet facilities for its employees and patrons in accordance with the provisions of Chapter 10D-9 and 10D-10 of the Florida Administrative Code.

Under Table V in Rule 10D-9.028, *Florida Administrative Code*, at

249

least one separate toilet and lavatory is required for both males and females in places serving food and drink. While the table does contain text which permits an establishment offering only take-out service to provide only one toilet for use by employees, that exception is specifically limited to establishments which do not "allow consumption of the food on the licensed premises or provide equipment such as tables, chairs, benches, counters, etc. as a convenience for patrons to consume food on the licensed premises."

Although the facility has violated the toilet facility portion of Rule 10D-13.027(5), there is no violation of Rule 10D-10.023(2), *Florida Administrative Code,* which generally requires that every establishment which serves the public shall provide adequate sanitary facilities for patrons and guests. Rule 10D-13.027(5) is the more specific rule, and is the section which France To You should be considered to have violated. To also find a violation of Rule 10D-10.023(2) would merely impose double punishment for the same violation.

With regard to the penalty to be imposed, the only two violations found relate to the failure to provide hot and cold running water where the food is prepared, and failure to provide adequate toilet facilities. The failure to provide the hot and cold running water under pressure is a serious violation because personal hygiene through handwashing is a critical item to prevent the spread of disease through hand-to-mouth contamination, but there is no proof of any actual harm which resulted. With respect to the absence of toilet facilities, that violation may relate to comfort of the patrons but does not involve any probability that death or serious physical harm would result. Section 381.112(2)(b), *Florida Statutes,* also requires consideration of the action taken by the operator to correct the violations. No action was taken to provide handwashing sinks, at least until January, 1987, and no attempt to provide a second toilet has been made due to the contention that the facility is too small to allow the installation of a second toilet. There were no previous violations, as the facility was new in August of 1986. Section 381.112(2)(c), *Florida Statutes.*

The violations may be the subject of fines in the amount of $500 per day. Both the failure to have the handwashing sink and the failure to have the second toilet persisted for more than ten days. Thus, each violation would support a fine of at least $5,000. In the Department's Proposed Recommended Order, its letter dated August 14, 1986, informing France To You of its violations and the administrative complaint the Department sought a maximum penalty of $4,500. Such a fine appears appropriate given the serious nature of the violation with respect to the handwashing sink, and the need to impose a serious

sanction in order to force the facility to either comply with the requirement to provide the additional toilet, or cease providing food service.

## RECOMMENDATION

It is recommended that a Final Order be entered finding the facility to have violated Rule 10D-13.027(1) and 10D-13.027(5), *Florida Administrative Code, and imposing an administrative fine of Four Thousand Five Hundred ($4,500) Dollars, pursuant to Section 318.112, Florida Statutes* (1985).

DONE AND ORDERED this 17th day of December, 1987, at Tallahassee, Florida.